[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2009
THOMAS K. KAHN
CLERK

No. 09-11593
Non-Argument Calendar

_____

D. C. Docket No. 08-00347-CR-J-25-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILMER DELGADO-MAJANO,
a.k.a. Mario Donald Delgado,
a.k.a. Roberto Carlos Delgado-Majano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 16, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Wilmer Delgado-Majano appeals from his 70-month sentence imposed for illegally reentering the United States after deportation, in violation of 8 U.S.C. §1326. Delgado-Majano concedes that the district court correctly calculated his guidelines range but argues that the imposition of a 70-month sentence is substantively unreasonable under the 18 U.S.C. § 3553(a) factors. After thorough review, we affirm.

We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

2

err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

We ordinarily expect that a sentence within the advisory guidelines range will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). While the district court must consider the § 3553(a) factors, it is not required to discuss each individually. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The district court must merely acknowledge "that it has considered the defendant's arguments and the [§ 3553(a)] factors." Id.

Moreover, when considering whether a defendant's sentence is reasonable, we have compared the sentence actually imposed to the statutory maximum. See, e.g., United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (upholding sentence as reasonable in part because it was "appreciably below the length of the

---

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

statutory maximum"). The statutory maximum for Delgado-Majano's sentence was 20 years' imprisonment. 8 U.S.C. §§ 1326(a), (b) (providing for a 20-year statutory maximum for the crime of reentry by a removed alien if that alien was previously convicted of an aggravated felony).

Here, Delgado-Majano raises only a substantive reasonableness challenge, but has failed to demonstrate that his within-guidelines sentence was substantively unreasonable in light of the § 3553(a) factors. As the record shows, the district court gave Delgado-Majano's case an individualized review, explicitly stated that "the sentencing guidelines, as well as the 3553 factors" were considered, and ultimately agreed with the government's assertion that his history and characteristics, the nature and circumstances of the offense, and the seriousness of the offense all weighed in favor of imposing a 70-month sentence. Delgado-Majano's sentence also was within the guidelines range and well below the statutory maximum of 20 years' imprisonment. See Valnor, 451 F.3d at 752; Talley, 431 F.3d at 788. In sum, Delgado-Majano has not met his burden, in light of the record and the pertinent § 3553(a) factors, to show that the district court abused its discretion in sentencing him.

**AFFIRMED.**

4